```
                                                          FILED
         IN THE UNITED STATES DISTRICT COURT U.S. DISTRICT COURT
                                                  AUGUSTA DIV.
         FOR THE SOUTHERN DISTRICT OF GEORGIA
                                                 2008 SEP -5  P 2: 43
                         DUBLIN DIVISION
                                             CLERK_____
                                                  SO. DIST. OF GA.
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 308-001 |
| | ) | |
| ARTHUR ELLIS | ) | |

## ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Arthur Ellis. The United States of America, by and through its attorney, Edmund A. Booth, Jr., United States Attorney, and Darrin L. McCullough, Assistant United States Attorney, has filed a combined response to these motions.[1]

### GENERAL DISCOVERY MOTION, including REQUEST FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

As to Defendant's general discovery requests, (doc. no. 343-1), the government responds that it has provided Defendant "open file" discovery in this case. The government has provided investigative reports, reports of laboratory analysis, and other documentary materials relevant to this case (attorney and agent work product excepted). Reports of any

---

[1] The government responded to the previous round of motions filed in this case. (Doc. no. 316). As of the date of the entry of this Order, the time to respond to the current round of motions filed had not yet expired. Nevertheless, given that the Honorable Dudley H. Bowen, Jr., United States District Judge, is holding a status conference in this case on Monday, September 8, 2008, the Court will rule on Defendant's motions on the basis of the information provided by the government in response to similar motions previously filed in this case. Of course, as noted elsewhere in this Order, counsel will have an opportunity to raise any existing disputes or unresolved items that are not addressed herein.

statements made by Defendant and reports on any searches and seizures conducted during the investigation, as well as Defendant's criminal history, have also been provided. Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's file pertaining to this case renders the general discovery requests **MOOT**.

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit, not later than five (5) days from the date of this Order, a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

As to the request for disclosure of exculpatory and impeaching information in accordance with the principles of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the Court notes that to some extent, Defendant's request exceeds the scope of <u>Brady</u>. <u>Brady</u> material includes information that is favorable to a defendant and material to the issues of guilt or punishment. <u>Brady</u>, 373 U.S. at 87; <u>United States v. Agurs</u>, 427 U.S. 97 (1976). This request is **GRANTED** (doc. no. 343-2) to the extent that the government must provide all <u>Brady</u> material to Defendant within five (5) days

of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION FOR A BILL OF PARTICULARS

In this case, Defendant is charged with one count of Conspiracy to Possess with Intent to Distribute, and to Distribute, 50 Grams or More of Cocaine Base (Crack), 500 Grams or More of Cocaine Hydrochloride (Powder), a Quantity of Marijuana of 50 Kilograms or less, and a Quantity of 3,4-Methylenedioxymethamphetamine (Ecstasy), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant filed this motion seeking from the government information concerning the manner or means of how the alleged conspiracy was employed, as well as a listing of any overt acts alleged to have been committed by him.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may seek from the Court a bill of particulars setting forth the time, place, manner, and means of commission of the crime alleged in the indictment. The purpose of the bill of particulars is to give notice of the offenses charged in the indictment so that a defendant may prepare a defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)). Where necessary, the bill of particulars supplements the indictment by providing the accused with information necessary for trial preparation. Id. Generalized discovery is not a proper purpose in seeking a bill of particulars. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) (quoting United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)). Nor is it a device intended to secure for the defense the government's explanation of its theory of the case. United

States v. Hajecate, 683 F.2d 894, 898 (5th Cir. 1982). Absent a showing that a defendant cannot prepare a defense without the government providing the identity or identities of an unindicted co-conspirator(s), such information need not be revealed in response to a motion for a bill of particulars. Warren, 772 F.2d at 837.

The determination of whether a bill of particulars should be ordered may only be decided in light of the particular circumstances of each case. United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1987). The question is committed to the sound discretion of the trial court whose decision will be reversed only where denial of the motion results in surprise to a defendant at trial resulting in prejudice to his substantial rights. United States v. Hawkins, 661 F.2d 436, 451-52 (5th Cir. Unit B Nov. 1981). In this case, the government has granted liberal discovery consisting of investigative reports, reports of laboratory analysis, and other documentary materials relevant to this case (attorney and agent work product excepted), which includes accelerated Jencks Act disclosures and police reports from applicable state, local, and federal agencies. It is also noted that the indictment in the case is specific and supports each of the requisite elements of the charged offenses. Under these circumstances, information essential to the defense is being provided and the need for particulars is nonexistent. In any event, since discovery material is being made available, a ruling on a bill of particulars would appear to be premature and unnecessary. Discovery should cure any need for additional information to adequately defend the charges. Therefore, Defendant's motion is **DENIED**. (Doc. no. 344).

## MOTION FOR DISCLOSURE and/or *IN CAMERA* REVIEW OF PRE-SENTENCE REPORTS

Defendant moves for the disclosure and production of any and all pre-sentence reports of all government witnesses expected to testify at trial, or alternatively, for an *in camera* review of any such reports to determine if any exculpatory information is present in those files. The government is under a continuing obligation under the rule of Brady v. Maryland, 373 U.S. 83 (1963), to provide the defense with exculpatory material. The Court notes the confidentiality of these pre-sentence reports and does not agree that an *in camera* review is warranted. Accordingly, Defendant's motion is **DENIED**. (Doc. no. 408).

## MOTION FOR PRE-TRIAL JAMES HEARING

Defendant has moved for a pre-trial hearing to determine the admissibility of out-of-court statements by alleged co-conspirators. (Doc. no. 410). United States v. James, 590 F.2d 575 (5th Cir. 1978) (*en banc*), requires that, before the case is submitted to the jury, the Court must determine whether the prosecution "has shown by a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed, (2) that the co-conspirator and defendant against whom the co-conspirator's statement is offered were members of the conspiracy, and (3) that the statement was made during the course of and in furtherance of the conspiracy." Id. at 582; United States v. Magluta, 418 F.3d 1166, 1177-78 (11th Cir. 2005) (same); see also Fed. R. Evid. 801(d)(2)(E).

A pre-trial determination under James is not required. United States v. Van Hemelryck, 945 F.2d 1493, 1497-98 (11th Cir. 1991); United States v. Dyer, 752 F.2d 591, 595 (11th Cir. 1985). The required finding can be made at the close of the government's -

5

case-in-chief. United States v. Sanchez, 722 F.2d 1501, 1507 (11th Cir. 1984). Further, the Court may examine the statements sought to be admitted when making the factual determination. Bourjaily v. United States, 483 U.S. 171, 180-81 (1987); United States v. Miles, 290 F.3d 1341, 1351 (11th Cir. 2002) (*per curiam*).

As the need for a James hearing is lessened in light of Bourjaily, and in the interest of judicial economy, this determination will be made at trial. Therefore, the motion for a pre-trial James hearing is **DENIED**.

SO ORDERED this 5th day of September, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE